**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BLYTHE PLUMBING, LLC d/b/a | § | |
| FIVE STAR PLUMBING | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.: _____ |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| JORGE HUMBERTO PEREZ d/b/a | § | |
| 5 STARS PLUMBING | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Blythe Plumbing, LLC d/b/a Five Star Plumbing complains against Defendant, Jorge Humberto Perez d/b/a 5 Stars Plumbing for the acts described below.

### I.      PARTIES

1.      Plaintiff, Blythe Plumbing, LLC is a Texas limited liability company, having a principle place of business at 2780 FM 471 North, Castroville, Texas 78009.

2.      Defendant, Jorge Humberto Perez ("Perez") is an individual residing, upon information and belief, at 166 Abbott Road Saint Hedwig, Texas 78152. On further information and belief, Perez's place of business is located at 9012 FM 1976 Suite 302, Converse, Texas 78109.

### II.      JURISDICTION AND VENUE

3.      This Complaint involves claims for trademark infringement arising under the trademark laws of the United States, Title 15, *United States Code* and related claims of unfair competition in violation of the *Lanham Act*, 15 U.S.C. §1125, common law trademark

infringement, common law unfair competition, and declaratory judgment. This Court has jurisdiction over these claims under 28 U.S.C. §§1331 and 1338.

4.    This Court has personal jurisdiction over Defendant because the Defendant is located in Texas and conducts business in Texas.

5.    Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2) because Defendant resides in this judicial district and a substantial part of the events giving rise to the claims herein occurred and continue to occur in this judicial district.

### III.    FACTS

### A Reputation for Quality

6.    Jeremy and Joshua Blythe began offering plumbing and related services under the mark FIVE STAR PLUMBING on November 12, 2010. The Blythes began working in the plumbing industry a decade earlier, where they developed excellent plumbing services. Jeremy and Joshua Blythe started their business in 2010 with a drive to provide the best customer service they could: putting customers first. Plaintiff offers several related services, including:

- plumbing services;

- water heater repair and installation services;

- water softener repair and installation services;

- gas leak detection services;

- sewer repair and replacement

- sewer drain cleaning and drainage; and

- faucet repair and replacement; and water treatment.

(collectively "Plaintiff's Plumbing Services"). Plaintiff provides Plaintiff's Plumbing Services to customers throughout Bexar County and all seven of the immediately adjacent counties: Comal, Guadalupe, Atascosa, Wilson, Medina, Kendall, and Bandera.[1]

7.      Plaintiff uses several related marks to promote Plaintiff's Plumbing Services, including: FIVE STAR PLUMBING and  (collectively the "FIVE STAR PLUMBING Marks").

8.      Plaintiff's owners/predecessors-in-interest (i.e., Jeremy and Joshua Blythe) filed an assumed name for the mark FIVE STAR PLUMBING with the Office of the Bexar County Clerk on November 12, 2010. **Exhibit A**. Plaintiff and its predecessors-in-interest have updated that record and also filed an assumed name with the Texas Secretary of State. **Exhibit B**. Plaintiff—and its predecessors-in-interest—have used the mark FIVE STAR PLUMBING since November 12, 2010.

9.      Plaintiff has promoted the FIVE STAR PLUMBING mark through various channels of trade over the years and is readily identified by those living in central and south Texas, including the Texas gulf coast. **Exhibit C** illustrates an example of the signage used by Plaintiff at one of Plaintiff's offices. Plaintiff also prominently displays its marks on the sides of its trucks, which drive around the greater San Antonio and Corpus Christi areas. **Exhibit D**.

10.     Plaintiff promotes Plaintiff's Plumbing Services using a website with the URL: https://www.myfivestarplumbing.com/. A printout of the website is attached hereto as **Exhibit E**.

11.     Moreover, Plaintiff promotes the FIVE STAR PLUMBING Mark and Plaintiff's Plumbing Services on several social media platforms, including: Facebook[2] and Instagram.[3]

---

[1] Plaintiff also serves customers in and around Corpus Christi, Texas.

12.     Plaintiff's YouTube video titled "Five Star Plumbing of San Antonio" has brought more attention to Plaintiff. **Exhibit H**.

13.     Plaintiff also maintains prominent advertising in the Yellow Pages. *See, e.g.,* **Exhibit I**.

### Defendant Infringes Plaintiff's Rights

14.     On December 9, 2019, Defendant Jorge Humberto Perez ("Perez") filed an assumed name certificate with the Office of the Bexar County Clerk. **Exhibit J**. In particular, Perez identified 5STARSPLUMBING as an assumed name used in connection with his plumbing and related services.

15.     On information and belief, Perez began offering plumbing and related services under the name 5 STARS PLUMBING in and around Bexar County, Texas on or after December 9, 2019. Perez has done so without permission of Plaintiff.[4]

16.     On information and belief, Plaintiff and Perez both offer their services to customers throughout the San Antonio metropolitan area.

17.     Perez promotes the 5 STARS PLUMBING mark in connection with plumbing and related services using several advertising media—a number of which are the same as Plaintiff's advertising media. These include: having a website;[5] a Facebook page;[6] trucks wrapped with the company name;[7]etc.

18.     Perez's use of this 5 STARS PLUMBING mark creates a likelihood of confusion with Plaintiff's FIVE STAR PLUMBING Mark for the same services. In fact, there is already

---

[2] **Exhibit F**.
[3] **Exhibit G**.
[4] Perez also uses a composite/design mark, which incorporates the words "5 STARS PLUMBING"; as well as the mark 5 STARS MAINTENANCE & PLUMBING.
[5] **Exhibit K**.
[6] **Exhibit L**.
[7] **Exhibit M**.

evidence of actual confusion. Several customers and prospective customers have contacted Plaintiff—thinking they were contacting Perez—with complaints concerning Perez's services.

19.     Actual confusion has also been demonstrated by vendors and service partners being confused between Plaintiff and Perez. **Exhibit N**.

20.     Plaintiff discovered Perez offers plumbing and related services under the name 5 STARS PLUMBING on or around April 2020.

21.     On May 8, 2020, Plaintiff sent a letter to Mr. Perez instructing him to cease and desist his infringing activity. **Exhibit O.**

22.     On May 18, 2020, Perez responded to the May 8th letter and indicated he will not cease and desist using the 5 STARS PLUMBING mark. **Exhibit P.**

23.     On June 5, 2020, Plaintiff's counsel sent a second letter to Defendants. **Exhibit Q**.

24.     Perez's counsel responded in an email dated June 18, 2020 that Perez disagrees with Plaintiff's legal and factual contentions and that "[Perez]'s business name will not be changed." Despite Perez's awareness of Plaintiff's superior rights in a nearly identical trademark for identical services, Perez continues to use the mark 5 STARS PLUMBING and other equally confusing marks.

25.     Perez's willful and intentional infringement of Plaintiff's trademark rights creates a likelihood of confusion and irreparable harm to Plaintiff's trademark rights.

26.     Because a likelihood of confusion exists between the Parties' marks, injury to Plaintiff's reputation and goodwill is presumed.

27.     As of this filing, Perez continues to use the infringing marks. After Plaintiff's attempts to resolve this matter failed, Plaintiff filed this lawsuit.

## COUNT 1
## VIOLATION OF THE LANHAM ACT

28.     Each of the preceding paragraphs is incorporated by reference under this count.

29.     Perez owns, manages, and markets his plumbing services under the 5 STARS PLUMBING mark.

30.     The acts of Perez complained of herein above are likely to cause confusion, or to cause mistake, or to deceive as to the (1) affiliation, connection or association of Perez with the Plaintiff or (2) as to the origin, sponsorship or approval of Perez's services by Plaintiff.

31.     The uses by Perez as complained of herein above constitute trademark infringement as well as false or misleading descriptions and/or representations of fact which are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Perez's services with Plaintiff's services in violation of the *Lanham Act,* 15 U.S.C. §1125(a)(1)(A) and constitute unfair competition.

32.     Perez's acts described herein further constitute false or misleading descriptions and/or representations of fact which, in commercial advertising or promotion, misrepresent the nature, characteristics, and qualities of its goods in violation of the *Lanham Act,* 15 U.S.C. §1125 (a)(1)(B) and constitute unfair competition.

33.     Perez's acts described herein further constitute a bad faith intent to profit from Plaintiff's FIVE STAR PLUMBING mark in violation of the *Lanham Act,* 15 U.S.C. §1125(d)(1)(A) and constitute unfair competition.

34.     Perez's acts have and will continue to cause Plaintiff irreparable injury and based upon information and belief, Perez will continue his acts of unfair competition unless enjoined by this Court. Pursuant to 15 U.S.C. §1116, Plaintiff seeks both preliminary and permanent injunctive relief against further acts of unfair competition by Perez.

35.     Perez's acts of unfair competition and false designation of origin have caused actual confusion and a likelihood of confusion with Plaintiff. Injury to Plaintiff's reputation and goodwill is therefore presumed. Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to and seeks Perez's profits, and costs of this action and such additional relief as may be deemed appropriate and awarded by this Court.

36.     Perez's acts of unfair competition and false designation of origin have been and continue to be deliberate and willful and warrant an award of enhanced damages. In addition, Plaintiff is entitled to and seeks a finding that this case is exceptional and warrants an award of attorneys' fees pursuant to 15 U.S.C. §1117(a).

## COUNT 2
## COMMON LAW TRADEMARK INFRINGEMENT

37.     Each of the preceding paragraphs is incorporated by reference under this count.

38.     Plaintiff enjoys common law trademark rights under the common law of the State of Texas in connection with its service marks and trademarks to identify, in the State of Texas and throughout the United States, its goods and services.

39.     Perez's past and current use of the 5 STARS PLUMBING mark constitutes trademark infringement under the laws of the State of Texas.

40.     Perez's acts further constitute a malicious attempt to profit from Plaintiff's FIVE STAR PLUMBING mark in violation of its trademark rights.

41.     The offering by Perez of his services using confusingly similar marks is likely to cause and has caused confusion as to the source of origin of the services in that purchasers of Plaintiff's services are likely to associate or have associated such services as originating with Perez, all to the detriment of Plaintiff.

42.     Perez's acts of common law trademark infringement have caused actual confusion and a likelihood of confusion with Plaintiff. Injury to Plaintiff's reputation and goodwill is therefore presumed. Perez's acts have and will continue to cause Plaintiff irreparable injury and based upon information and belief, Perez will continue his willful acts of trademark infringement unless enjoined by this Court.  Plaintiff seeks both preliminary and permanent injunctive relief against further acts of trademark infringement by Perez.

**COUNT 3**
**COMMON LAW UNFAIR COMPETITION**

43.     Each of the preceding paragraphs is incorporated by reference under this count.

44.     Perez's conduct has and is likely to confuse, mislead, or deceive purchasers or potential purchasers and constitutes unfair competition under the laws of the State of Texas.

45.     Perez's acts of common law unfair competition have caused actual confusion and a likelihood of confusion with Plaintiff. Injury to Plaintiff's reputation and goodwill is therefore presumed. Perez's acts have and will continue to cause Plaintiff irreparable injury and based on information and belief, Perez will continue his willful acts of unfair competition unless enjoined by this Court. Plaintiff seeks both preliminary and permanent injunctive relief against further acts of unfair competition by Perez.

**COUNT 4**
**DECLARATORY JUDGMENT**

46.     Each of the preceding paragraphs is incorporated by reference under this count.

47.     Perez's challenge to Plaintiff's exclusive rights to the FIVE STAR PLUMBING Marks gives rise to an actual controversy. By virtue of Perez's responses to the May 8 and June 5, 2020 letters, Perez has claimed ownership of the 5 STARS PLUMBING mark in contravention of Plaintiff's rights.

48.     Plaintiff's ownership of the FIVE STAR PLUMBING Marks goes back to 2010. Perez, by contrast, started using the 5 STARS PLUMBING mark in December 2019 or early 2020. Thus, Perez is a junior user to a mark confusingly similar to the FIVE STAR PLUMBING Marks.

49.     Declaratory relief is necessary in order to clarify and settle Plaintiff's rights with regard to the FIVE STAR PLUMBING Marks, and to relieve Plaintiff from the uncertainty, insecurity and controversy created by Perez's actions and assertions.

50.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202, Plaintiff seeks a declaration by the Court that Plaintiff is the owner of the FIVE STAR PLUMBING Marks and has the right to exclusively use the FIVE STAR PLUMBING Marks, and that Perez has no right to use any of the FIVE STAR PLUMBING Marks or similar variations.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that the Court enter a judgment against Perez granting Plaintiff the following relief:

1.     Perez and his officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privy or active concert with Perez, or on behalf of Perez, be preliminarily and permanently enjoined and restrained from, directly or indirectly:

    a.     Using any of the FIVE STAR PLUMBING Marks or any other names or marks confusingly similar thereto in the State of Texas, including 5 STARS PLUMBING and 5 STARS MAINTENANCE & PLUMBING;

      b.      Creating any confusion in the State of Texas with Plaintiffs' FIVE STAR PLUMBING Marks;

      c.      Advertising the 5 STARS PLUMBING and 5 STARS MAINTENANCE & PLUMBING marks in the State of Texas;

      d.      Otherwise unfairly competing with Plaintiff in any manner in the State of Texas;

      e.      Causing confusion or the likelihood of confusion, mistake or deception between Plaintiff and Perez in the State of Texas;

2.      Declaring that Plaintiff be entitled to the exclusive use of the FIVE STAR PLUMBING Marks and that Perez has no right to continued use of the FIVE STAR PLUMBING Marks;

3.      Ordering Perez to pay Plaintiff Perez's profits pursuant to 15 U.S.C. § 1117(a) as a result of Perez's conduct described herein;

4.      Awarding Plaintiff prejudgment and postjudgment interest.

5.      Awarding Plaintiff enhanced damages, attorneys' fees, and costs of court as the result of Perez's acts of trademark infringement and unfair competition that were deliberate and willful, and because this is an exceptional case.

6.      Ordering Perez to pay Plaintiff's attorneys' fees and costs in connection with this suit under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202; and

7.      Awarding Plaintiff such other relief as the Court deems proper.

Respectfully submitted,

/s/ Nick Guinn
_____
Nick Guinn
Texas Bar No. 24087642
GUNN, LEE & CAVE, P.C.
Callaghan Tower
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
Telephone: (210) 886-9500
Facsimile: (210) 886-9883
nick@gunn-lee.com

**ATTORNEY FOR PLAINTIFF**